**Gordon L. PUCKETT, et al., Plaintiffs,**

v.

**UNITED AIR LINES, INC., et al., Defendants.**

**Kenneth C. KUECKER, et al., Plaintiffs,**

v.

**UNITED AIR LINES, INC., et al., Defendants.**

Nos. 84 C 5013, 85 C 3755.

United States District Court, N.D. Illinois, E.D.

Dec. 19, 1988.

### MEMORANDUM OPINION

PRENTICE H. MARSHALL, District Judge.

The settlement agreement and consent decree entered between plaintiffs and de-

---

fendant Airline Pilots Association, International on June 27, 1986 has become apocryphal. First plaintiffs charged ALPA with a breach of their agreement and sought enforcement of it. On October 6, 1988 we granted plaintiffs' motion. ALPA and defendant United objected to our order of enforcement and moved to reconsider and amend it. Then ALPA filed its own motion to enforce the agreement and consent decree. Those two motions are now pending.

We are tempted to vacate the consent decree. It appears to us that plaintiffs do not need the "benefits" which ALPA conferred upon them. Plaintiffs are progressing in this litigation reasonably well on their own. But the parties have agreed to resolve their differences (what a joke) and until they renounce their agreement, it will stand.

We remain persuaded that ALPA has not used its best efforts in behalf of plaintiffs in ALPA's pension negotiations with United. But we have concluded that we went too far in certain of the provisions of our enforcement order. We vacate paragraph 3 of that order requiring transcription of all negotiating sessions between ALPA and United. We also vacate that portion of paragraph 2 which enjoins negotiations regarding pension matters. But in all other respects ALPA's motion for reconsideration is denied.

Turning to ALPA's motion to enforce, the release/covenant not to sue provisions of the agreement and consent decree may provide ALPA with an affirmative defense in the newly filed claims against it. But that is for the tribunal hearing those claims to decide.

Insofar as ALPA's demand that plaintiffs disclose their negotiating strategies, etc. and their efforts to settle this litigation is concerned, ALPA does not represent these plaintiffs; plaintiffs' counsel do.

ALPA's motion to enforce the consent decree is denied.